**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE SHARP, | : |
| | : Civil Action No. 08-645 (RMB) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| KAREN BALICKI, et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES:**

    JESSE SHARP, Plaintiff pro se
    Prison #231463  SBI #72293B
    South Wood State Prison
    215 South Burlington Road, P.O. Box 6000
    Bridgeton, New Jersey 08302

**BUMB**, District Judge

Plaintiff Jesse Sharp, currently confined as a state prisoner at South Wood State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.[1]

---

[1] This matter was administratively terminated by Order of this Court on February 11, 2008, because plaintiff had not paid the filing fee or submitted a complete application to proceed in

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed for failure to state a claim.

I.  BACKGROUND

Plaintiff, Jesse Sharp ("Sharp"), brings this action against the following defendants: Karen Balicki, Administrator at South Wood State Prison ("SWSP"); and Chief Chance, SWSP chief correctional officer. (Complaint, Caption and ¶ 4b).

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

---

forma pauperis ("IFP"), with his six-month prison account statement as provided by 28 U.S.C. § 1915(a)(2). The Order allowed plaintiff thirty (30) days to submit a letter request to re-open the case with his complete IFP application, or the filing fee. On February 29, 2008, plaintiff submitted a complete IFP application with a request to re-open his case. This Court re-opened the case for consideration of the IFP application by Order dated March 11, 2008. On April 1, 2008, plaintiff filed a motion to amend his statements in his Complaint. On April 18, 2008, plaintiff filed a motion for a "temporary dismissal" of the recreation memo issued by the South Wood State Prison Administrator on February 5, 2008. This Court interprets plaintiff's motion as a request for a temporary restraining order to enjoin defendants from enforcing the new prison rules affecting plaintiff's recreation time.

On February 5, 2008, Administrator Balicki issued a memorandum regarding new procedures for recreation time at SWSP. The memo informed the inmates that unit recreation would be divided into three separate activities for classification purposes. The inmates would choose one of either Unit Yard Recreation, Unit Dayroom Recreation or Tier Recreation per recreation period. For Facility Control, the inmates would be allowed a ten minute movement interval to access the dayroom or yard when the recreation period is called. A PA announcement is made when the movement is terminated. Once the movement is complete, the door to the yard will be secured and the inmates will not be permitted to move from the recreation yard to the dayroom. There also will be no movement between the dayrooms once the movement is terminated. However, an inmate may be allowed to switch from the dayroom to tier recreation but will not be allowed to return to the dayroom after the switch is made. The inmates who do not choose yard or dayroom recreation may participate in tier recreation. During tier recreation, inmates have access to the unit showers and phones. If an inmate does not participate in any of these activities, they will remain in their cells with the cell door secured. Inmates returning to their unit from an appointment or work detail will be allowed to choose between dayroom recreation or tier recreation upon their return to the unit. At the midway point during recreation

period, halftime will be announced and inmates may move between yard recreation and dayroom recreation only for the remaining recreation period.

Sharp complains that this new policy concerning recreation has denied plaintiff access to the recreation rooms in violation of the Eighth Amendment. Sharp alleges that an inmate cannot return to the dayroom if he has to go to the bathroom or make a telephone call. Plaintiff, like many other inmates, takes medication that causes him to urinate frequently. Because of this new recreation policy, Sharp complains that he has to forego yard or dayroom recreation because of his condition, or be forced to urinate himself because he is not allowed to move freely between recreation rooms during the allotted recreation time. When plaintiff complained to the Chief about this problem, he was told to use the bathrooms before recreation movement. Sharp also complains that he is forced to eat in his cell during meal time because the correctional officers do not want to open the recreation rooms. Each cell consists of one multi-purpose table and one chair, but have two inmates assigned to a cell. Consequently, the inmates are forced to eat in their cells next to the toilet.

Sharp seeks only injunctive relief, asking that inmates be allowed to go to the recreation rooms any time they want when the rooms are open to the inmate population.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, plaintiff was a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff may allege only enough factual matter (taken as true) to suggest the required elements

6

of the claim(s) asserted.  Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

7

§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

8

## IV. ANALYSIS

### A. Recreation Claim

The denial of exercise or recreation can result in a constitutional violation. "[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'" Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988)(*quoting* Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation."); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983); Campbell v. Cauthron, 623 F.2d 503, 506-07 (8th Cir. 1980); Kirby v. Blackledge, 530 F.2d 583, 587 (4th Cir. 1976); Loe v. Wilkinson, 604 F. Supp. 130, 135 (M.D.Pa. 1984). However, the lack of exercise can only rise to a constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened." Spain, 600 F.2d at 199. Thus, a constitutional violation will occur when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated.

In order to demonstrate a deprivation of a constitutional right to recreation, Sharp also must satisfy the Eighth Amendment standard and show deliberate indifference on the part of prison officials. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Here, Sharp alleges that he has repeatedly complained about the new recreation policy memo to defendants, but nothing has been done.  Instead, defendant Chance has told plaintiff that he should go to the bathroom before recreation time is announced.

Based on the allegations asserted by plaintiff in the Complaint and amended statements, this Court finds no constitutional deprivation.  Sharp has not been denied opportunity for recreation time.  Rather, inmates are required to choose from three recreational rooms and activities and are merely precluded from free movement between the recreation rooms during the allotted time period.  Sharp has not alleged any tangible physical harm resulting form this new policy, which does not serve to restrict recreation.

Moreover, Sharp has not demonstrated deliberate indifference by defendants to plaintiff's recreational needs.  Rather, Sharp merely decries the new prison policy concerning the safe operation and administration of recreation for the inmates at SWSP.  He does not allege any facts to show that the defendants are deliberately indifferent to inmate recreational needs.  Inmates are not being deprived of recreation.  The memo provided by plaintiff shows that the prison officials have instituted a new procedure for the orderly movement of prisoners from their cells to the separate recreation rooms provided at SWSP.  These new procedures clearly are related to security concerns in a prison environment.  Decisions by  prison administrators

regarding matters of security, discipline, and the administration and operation of the prison are accorded great deference.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).  This Court finds no impingement on plaintiff's constitutional rights by the new policy affecting the secure and orderly movement of inmates during recreation time.  This new policy memo appears valid because it is reasonably related to a legitimate penological interest in prison security.  See Lewis v. Casey, 518 U.S. 343, 361-62 (1996); Turner v. Safley, 482 U.S. 78, 89 (1987).  Therefore, this Court will dismiss plaintiff's claim alleging denial of recreation because he fails to state a claim of a cognizable federal constitutional deprivation.

B.   Conditions of Confinement

This Court next construes plaintiff's allegations about eating in his cell as a condition of confinement claim in violation of the Eighth Amendment.

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993).  However, the Constitution "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981).

The Eighth Amendment prohibits conditions that unnecessarily and wantonly inflict pain, or are grossly disproportionate to the

11

severity of the crime warranting imprisonment.  Rhodes, 452 U.S. at 346-47.  The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society."  Id. at 346. "[I]t is well settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To determine whether the conditions of confinement violate the Eighth Amendment, the courts employ a test that includes objective and subjective elements, both of which must be satisfied by the plaintiff.  See Counterman v. Warren County Corr. Facility, 176 Fed. App. 234, 238 (3d Cir. 2006) (citing Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001), quoting, in turn, Farmer, 511 U.S. at 842-46).

    A prisoner may satisfy the objective element of a conditions-of-confinement claim, that a deprivation be "sufficiently serious," if he can show that the conditions alleged, either "alone or in combination, . . . deprive him of the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. at 347-48.  Such necessities include: "adequate food, clothing, shelter, sanitation, medical care, and personal safety."  Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).

    Here, Sharp does not allege that he is deprived of adequate food, clothing, shelter, sanitation, medical care, or personal safety.  His only complaint other than the strictures of the new

12

recreation policy is that he must eat his meals in his cell when the guards do not feel like opening up the recreation rooms at SWSP. Therefore, the conditions of confinement at SWSP, as alleged by Sharp, do not deprive plaintiff of the minimal civilized measure of life's necessities and cannot provide valid grounds for an Eighth Amendment claim.

## V.    CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, for failure to state a claim upon which relief may be granted. An appropriate order follows.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: May 7, 2008